__ FILED          ___ ENTERED
__ LOGGED       ___ RECEIVED

TPW: USAO 2019R00696

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

OCT - 7 2019

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | **CRIMINAL NO.** TDC 19cr468 |
| **v.** | * | |
| | * | |
| **TAWANNA P. GAINES,** | * | **(Wire Fraud, 18 U.S.C. § 1343;** |
| | * | **Forfeiture, 18 U.S.C. § 981(a)(1)(C),** |
| **Defendant** | * | **21 U.S.C. § 853, 28 U.S.C. § 2461(c))** |
| | * | |

*******

## INFORMATION

### COUNT ONE
### (Wire Fraud)

The United States Attorney for the District of Maryland charges that:

### Introduction

At all times relevant to this Information:

*Maryland State Government*

1.      The General Assembly was the State of Maryland's legislative body.   The bicameral legislature was composed of the Senate, with 47 Senators, and the House of Delegates, with 141 Delegates.

2.      Maryland state law required certain State officials, employees, and candidates for office to file annual financial disclosure statements.

3.      The Maryland State Ethics Commission, as directed in General Provisions Article § 5-205, administered the provisions of the Maryland Public Ethics Law.

*The Defendant*

4.      Defendant **TAWANNA P. GAINES** ("**GAINES**") was a Maryland State Delegate from December 2001 through the present, representing District 22, which covered portions of Prince George's County, Maryland.   Over her years in the House of Delegates, **GAINES** held many committee assignments, including vice-chair of the Appropriations Committee and Assistant Majority Leader.   As an elected official, **GAINES** owed a duty of honest services to the State of Maryland, Prince George's County, and their citizens.

*The Maryland State Board of Elections and Regulated Campaign Committees*

5.      The Maryland State Board of Elections regulated state and local elections in Maryland and was charged with ensuring compliance with both state and federal election laws as it related to elections that occurred within their respective jurisdictions. The State Board of Elections maintained a database of campaign donations for state and local election campaigns and enforced Maryland's campaign finance laws.

6.      The "Friends of Tawanna P. Gaines" (hereinafter "FTPG") candidate committee was the name of the campaign finance entity for the **GAINES** campaign for Maryland State Delegate from the date of its establishment in June 2002 through the present.   FTPG was a regulated state election campaign committee.   FTPG held a bank account at Bank of America, a financial institution insured by the Federal Deposit Insurance Corporation.   Separately, **GAINES** held and had exclusive control over a PayPal account used to accept electronic donations to FTPG.   The FTPG PayPal account was not disclosed in State campaign finance filings.

2

7.      Under Maryland Code, Election Law, § 13-218, the campaign treasurer (and not the candidate) was responsible for maintaining the assets of a campaign finance entity. Similarly, under § 13-218(b), the campaign finance entity's assets "may be disbursed only if they have passed through the hands of the treasurer" and only "in accordance with the purposes of the entity."   Candidates, including **GAINES**, were prohibited from personally making disbursements from a campaign finance entity.

8.      In addition, under § 13-220, a campaign finance entity "shall deposit all funds received in a designated campaign account" and, subject to certain exceptions inapplicable to the conduct described herein, may only make disbursements from its bank account by check or electronic method—that is, specifically *not* by cash withdrawal.

9.      Under § 13-221, the treasurer "shall keep a detailed and accurate account book of all assets received, expenditures made, and obligations incurred by or on behalf of the entity," and "[e]ach expenditure made from a campaign account shall be supported by a receipt." Campaigns for state offices in Maryland were required to file certain campaign finance reports with the Maryland State Board of Elections.

### The Scheme to Defraud

10.      From at least in or about January 2015 through in or about April 2018, in the District of Maryland and elsewhere, **GAINES** devised and intended to devise a scheme and artifice to defraud FTPG and the campaign contributors of FTPG, and to obtain money and property from FTPG and the campaign contributors of FTPG by means of materially false and fraudulent pretenses, representations, and promises, with the intent to defraud and with knowledge of the scheme's fraudulent nature ("the scheme to defraud").

3

## Manner and Means of the Scheme to Defraud

It was part of the scheme to defraud that:

11.    **GAINES** would solicit campaign funds from contributors on the representations and premise that the funds would be used to facilitate her reelection and maintain her leadership positions within the Maryland General Assembly.

12.    **GAINES** would accept donations from certain campaign contributors into the FTPG PayPal account.

13.    **GAINES**, without authorization and in violation of Maryland campaign finance laws, was a signatory on the FTPG PayPal account and would utilize campaign funds from the FTPG PayPal account for her personal use.

14.    **GAINES** would receive campaign contributions and convert them to her own use without causing the contributions to be identified on reports made to the Maryland State Board of Elections.

## The Charge

15.    On or about August 20, 2017, in the District of Maryland and elsewhere, the defendant,

### TAWANNA P. GAINES,

for the purpose of executing and attempting to execute the scheme to defraud, knowingly transmitted and caused to be transmitted the following by means of wire communication in interstate commerce: a wire communication sent outside of Maryland regarding a $125 cash withdrawal from the FTPG PayPal account.

18 U.S.C. § 1343

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further finds that:

1.      Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction on Count One of this Information.

### Wire Fraud Forfeiture

2.      Upon conviction of the offense set forth in Count One, pursuant to 18 U.S.C. § 981(a)(1)(C), the defendant,

### TAWANNA P. GAINES,

shall forfeit to the United States any and all property, real or personal, which constitutes or is derived from proceeds traceable to such offense, including but not limited to a money judgment of at least $22,565.03 in United States currency.

### Substitute Assets

3.      If, as a result of any act or omission of any defendant, any of the property described above as being subject to forfeiture:

   a.      cannot be located upon the exercise of due diligence;

   b.      has been transferred or sold to, or deposited with, a third person;

   c.      has been placed beyond the jurisdiction of the Court;

   d.      has been substantially diminished in value; or,

   e.      has been commingled with other property which cannot be subdivided without difficulty,

5

the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), shall

be entitled to forfeiture of substitute property up to the value of the forfeitable property described

above.


18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)


Date: _October 7, 2019_                         _Robert K. Hur / (TW)_
                                                Robert K. Hur
                                                United States Attorney

6